# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



**GROVER SELLERS**

ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. O-5351

Re: Can a wife, who is by birth a
citizen of the United States, and
who is married to an alien, obtain
a wine and beer permit, under the
provisions of the recent amendment
to the Texas Liquor Control Act?

We are in receipt of your letter seeking the opinion of this department on the following statement of facts, which are taken from your letter, to-wit:

"In view of the recent amendment to the
Texas Liquor Control Act prohibiting aliens
from holding wine and beer permits, the question arises here as to whether or not a wife,
who is by birth a citizen of the United States,
and who is married to an alien, can obtain
such a permit in her name.

"The question arises in two ways. First,
whether she may purchase and operate such
business with separate property and second,
whether or not she may operate a business
which was purchased with community property."

Section 5 of Article 667, V. A. P. C. contains the following qualifications as a prerequisite to obtain any type of license.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"That he is a law abiding, tax-paying
citizen of this State, over twenty-one (21)
years of age; . . ."

Section 43-b of Ch. 325 of the 48th Legislature,
Regular Session, p. 525 of V. T. S. L. S. of 1943, provides
as follows:

"When the terms 'citizens of Texas' and
'citizens of this state' are used in this Act,
they shall mean not only citizenship in Texas,
as required by this Act, but shall also re-
quire citizenship in the United States."

The first question that we must determine is the
status of a woman citizen of the United States who marries
an alien.

Prior to Act of Congress, March 2, 1907, 34 Stat.,
p. 1228, Ch. 2534, the cases are not in accord as to the
status of a woman who is a citizen by reason of birth in
the United States and who marries an alien. After the pass-
age and effective date of the Act, the wife of an alien lost
her United States citizenship. This statute was approved by
the Supreme Court of the United States in the case of Mc-
Kenzie v. Hare, 239 U. S. 299.

Under the Act of September 22, 1922, 42 Stat., p.
1022, Ch. 411, Sec. 3, and 8 U. S. C. A., Sec. 9, which pro-
vided that a woman who is a citizen of the United States
shall not cease to be a citizen of the United States by
reason of her marriage to an alien after the passage of the
Act, unless she makes a formal renunciation of her citizen-
ship before a court of proper jurisdiction. There is also
a proviso in this Act that forfeits her citizenship if her
marriage is to an alien ineligible for citizenship. This
statute does not affect the status of any such woman who
married an alien prior to September 22, 1922.

The Act of September 22, 1922, above referred to,
as amended by an Act of March 3, 1931, 46 Stat., p. 1511,
Sec. 4, omitted the proviso that forfeits the citizenship
of any woman born in the United States who marries an alien
ineligible for citizenship.

The Acts of September 22, 1922, and March 3, 1931,
were again amended in October 1940, 8 U. S. C. A., Title 8,

in Secs. 801, 802 and 804, but are essentially the same as the Act of March 3, 1931, as to the status of a woman born in the United States and married to an alien.

The listing of the different acts of Congress relative to the citizenship of women born in the United States and married to aliens is for the purpose of furnishing you with a yardstick to determine whether or not some of the many applicants are citizens of the United States.

It is our opinion that all women born in the United States who marry aliens and whose husbands are eligible for citizenship in the United States have retained their United States citizenship unless they have announced contrary intentions to proper judicial or administrative officers, with the exception of those whose marriage occurred between March 2, 1907 and September 22, 1922.

Of course, if she married an alien ineligible for United States citizenship prior to the effective date of the Act of March 3, 1931, she would lose her citizenship.

If she is not a citizen of the United States, she would not be entitled to a permit, and both of your questions would be answered in the negative.

Even though she might have lost citizenship under one of the above methods, if she has been naturalized, she is now a citizen.

Article 4619, of the Revised Civil Statutes, with respect to community property, insofar as pertinent, is as follows:

> "All property acquired by either the hus-
> band or wife during marriage, except that which
> is the separate property of either, shall be
> deemed common property of the husband and wife;
> and all the effects which the husband and wife
> possess at the time the marriage may be dissolved
> shall be regarded as common effects or gains, un-
> less the contrary be satisfactorily proved. Dur-
> ing coverture the common property of the husband
> and wife may be disposed of by the husband only;
> * * * ."

In Opinion No. O-1640 we held that the Board should not deny a permit to retail wine and beer merely because the applicant was the wife of one who was ineligible for such a permit. In that opinion we said:

"The sole question propounded by you for our consideration, as we understand it, is whether a married woman may be denied a permit to retail wine and beer when her husband, who is disqualified from receiving such a permit would benefit thereby, under the community property law of this State."

That opinion, we think, is sound, and controls the answers to your present inquiry. The profits of any mercantile business that may be carried on by a married woman are perforce of the Constitution and statutes community property belonging equally to the husband and wife. This is true, whether the capital investment be the separate property of the wife or the community of the marriage. The right of the husband to his interest in the profits of such venture by the wife does not result from any agreement or understanding between them, however; that right is in consequence of law as an incident to the marital relation. It is not conventional but legal essence, and cannot be affected by the pre-agreement of the parties.

It does not follow from this, however, that the husband's legal rights in the earnings of the business confer upon him any interest whatsoever in the business itself, within the meaning of the Liquor Control Act. It requires something more than mere capital for one to engage in such business; there must be the express permission of the State through the statutory permit. This is the very essence of the business, and the husband--merely because he is the husband--does not have such interest in the business as would render his wife ineligible to be a permittee under the statute.

Moreover, as held in our Opinion No. O-1640, where a husband who by his own wrongful act, or otherwise, is forbidden to claim a pecuniary right, which ordinarily would be community property, the same by operation of law would become the separate property of the wife. See, Nickerson v. Nickerson,

65 Tex. 281; Dickson v. Strickland, 265 S. W. 1012.

It is true, of course, that the husband in the exercise of his statutory right to control the community property may thwart the efforts of the wife to use such funds in any mercantile pursuit. But that is the measure of his right, since he does not have as matter of law any right of control or management of the business as such.

What the statute seeks to prevent is the conventional use of a permit by one for the benefit of another. This is always a fact situation, dependent upon the agreement or intentions of the parties, and not upon their legal statuses as husband and wife, parent and child, or the like.

Furthermore, there is no rule of law forbidding the husband to make a gift of his present interest in the community property or earnings, such as those of a mercantile business, to his wife for any lawful use by her.

Your questions are therefore answered to the effect that a wife is not ineligible to hold a permit, even though her husband is ineligible to hold one. Her troubles in such a situation would be financial difficulties and not legal inhibitions.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By (s)

Ocie Speer
Assistant

OS:MR/JCP

APPROVED SEP 11, 1943
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This opinion considered
and approved in limited
conference.